FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 1 6 2007   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT F. HASHO, individually and<br>   as Trustee of the Hope Hasho<br>   Living Trust, and<br><br>HOPE V. HASHO, individually and<br>   as Trustee of the Hope Hasho<br>   Living Trust,<br><br>    Defendants. | (SI)<br><br>Case No.<br><br>**CV 07 3389**<br><br>**HURLEY, J.**<br><br>**TOMLINSON, M** |

## COMPLAINT

The plaintiff, the United States of America, by its undersigned counsel, at the request of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this complaint to: (a) reduce unpaid joint federal income tax assessments against Robert F. Hasho and Hope V. Hasho to judgment; (b) reduce unpaid individual federal income tax assessments against Robert F. Hasho to judgment; and (c) determine that the transfer of the real property located at 12 Cedarfield Terrace, St. James, New York 11780 ("the Property") was fraudulently conveyed from Hope V. Hasho to the Hope Hasho Living Trust ("the Trust") or, alternatively, the Trust or the trustees of the Trust hold the real

property, described in paragraph 9 below, as a nominee of Robert F. Hasho and Hope v. Hasho. For these purposes, the United States alleges as follows:

## GENERAL ALLEGATIONS

1. This Court has jurisdiction over this action pursuant to Sections 1331, 1340 and 1345 of Title 28 of the United States Code, and pursuant to Sections 7402 and 7403 of Title 26 of the United States Code.

2. The defendants Robert F. Hasho and Hope V. Hasho reside within the jurisdiction of this court.

3. Robert Hasho and Hope Hasho are the trustees of the Hope V. Hasho Living Trust ("the Trust").

## COUNT ONE
(Judgment for the Amount Assessed)

4. The United States hereby incorporates the allegations set forth in paragraphs 1 through 3 as if specifically realleged herein.

5. On the dates, in the amounts, and for the years set for below, a delegate of the Sercretary of the Treasury made assessments against Robert F. Hasho and Hope V. Hasho for federal income taxes and statutory additions as follows.

2

| Year | Date | Tax | Est. Tax Penalty | Interest |
|---|---|---|---|---|
| 1994 | 8/28/2000 | $6,253.00 | $1639.37 | $374.89 |
| 1995 | 5/5/1997[1]<br>8/28/2000 | $4,759.00<br>$18,774.00 | $1,460.12<br>$4,244.14 | $516.71<br>$10,250.16 |
| 1996 | 11/23/1998<br>8/21/2000 | $8,321.00<br>$20,662.00 | $2,985.75<br>$5,165.50 | $1,416.21<br>$0.00 |
| 2002 | 11/8/2004 | $20,645.00 | $6,773.39 | $1,774.20 |
| 2003 | 11/8/2004 | $14,185.00 | $827.47 | $370.20 |

6. On the dates, in the amounts, and for the years set forth below, a delegate of the Secretary of the Treasury made assessments against Robert F. Hasho for federal income taxes and statutory additions as follows.

| Year | Date | Tax | Est. Tax Penalty | Interest |
|---|---|---|---|---|
| 1997 | 5/29/2000 | $43,522.00 | $15,948.37 | $9,499.18 |
| 1998 | 7/3/2000 | $11,800.00 | $4,076.00 | $1,404.58 |
| 1999 | 7/3/2000 | $4,179.00 | $451.73 | $85.65 |
| 2000 | 8/20/2001 | $848.00 | $21.20 | $22.71 |
| 2001 | 11/25/2002 | $6,471.00 | $258.84 | $242.69 |

7. Notices of the assessments described in paragraph 5 and demand for their payment, were sent to Robert F. Hasho and Hope V. Hasho. Despite notice and demand, Robert F. Hasho and Hope V. Hasho have failed to fully pay the assessments and statutory additions, and there remains due and owing to the United States with respect thereto, the sum of $131,377.11, plus accrued interest and other statutory additions according to law.

---

[1] An offer in compromise was pending from September 15, 2000 until August 15, 2001, suspending the ten year period on collection of unpaid tax set forth in 26 U.S.C. § 6502.

8. Notices of the assessments described in paragraph 6 and demand for their payment, were sent to Robert F. Hasho. Despite notice and demand, Robert F. Hasho has failed to fully pay the assessments and statutory additions, and there remains due and owing to the United States with respect thereto, the sum of $98,830.95, plus accrued interest and other statutory additions according to law.

## COUNT TWO
### (Fraudulent Conveyance)

9. The United States hereby incorporates the allegations set forth in paragraphs 1 through 8 as if specifically realleged herein.

10. On or about September 25, 1987, Robert F. Hasho and Hope V. Hasho, acquired the real property described below ("the Property") as tenants by the entirety. The legal description of the Property is:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situtate, lying and being in the State of New York, County of Suffolk, Town of Smithtown, known and designated as Lot No. 33 on a certain map entitled, "Map of Berry Hill, Section 2" and filed in the Office of the Clerk of the County of Suffolk July 10, 1985 as Map No. 7919.

11. On or about January 11, 1994, Gregory Hasho, Hope V. Hasho's brother, acquired the Property as a result of a mortgage foreclosure.

12. On or about June 2, 1997, Hope V. Hasho re-acquired the Property for the mutual benefit of Hope V. Hasho and Robert F. Hasho via a quitclaim deed for no consideration from Gregory Hasho, her brother.

13. On or about June 2, 1999, Hope Hasho, transferred the Property to the Trust for no consideration. Hope Hasho and Robert Hasho are the trustees of the Trust. This transfer of the

Property to the Trust was made with the intention to hinder and delay the tax collection efforts of the United States of America.

14. The transfer of the Property described above was a fraudulent transfer/conveyance and is void as to the United States. This allegation is based upon New York's Debtor and Creditor Law.

## COUNT THREE
### (Nominee – in the Alternative)

15. The United States hereby incorporates the allegations set forth in paragraphs 1 through 13 as if specifically realleged herein.

16. The Trust or the trustees of the Trust hold the Property transferred to the Trust as a nominee of Robert F. Hasho and Hope V. Hasho.

**WHEREFORE**, the plaintiff, the United States of America, prays for judgment in its favor and against the defendants as follows:

A. That the United States be granted judgment with respect to the unpaid balance of the assessments described in paragraph 4 against Robert F. Hasho and Hope V. Hasho, in the amount of $131,377.11, plus interest and other statutory additions according to law;

B. That the United States be granted judgment with respect to the unpaid balance of the assessments described in paragraph 5 against Robert F. Hasho, in the amount of $98,830.95, plus interest and other statutory additions according to law;

C. That the Court determine that the transfer of the Property from Hope Hasho to the Trust is void as against the United States and set aside as a fraudulent conveyance;

D. Alternatively to Paragraph C, that the Court determine that the Trust or the trustees of the Trust hold the Property transferred to the Trust as nominees for Robert F. Hasho and Hope V. Hasho and that the Property is subject to the federal tax liens against Robert F. Hasho and Hope V. Hasho; and

E. That the Court award the United States such other and further relief as this Court deems just and proper, including judgment pursuant to 28 U.S.C. § 1920 in the amount of its costs incurred in this action.

ROSLYNN MAUSKOPF
United States Attorney

*/s/ Lisa L. Bellamy*
LISA L. BELLAMY (LB2923)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6416
Facsimile: (202) 514-5238
E-mail: lisa.l.bellamy@usdoj.gov